on behalf of the Adirondacks, Mr. Eric Pallas, on behalf of the Appalachians, Ms. Sally Switz. Mr. Pallas, whenever you're ready. Thank you, Your Honor. May I please record Counsel Eric Pallas for Defendant Christopher Allen. Could you get a little closer to the microphone? In the middle, we'd like to hear you. Thank you. Okay. In this court's September 19th order, the court requested that the parties be prepared today to address the applicability of the invited heir or acquiescence doctrine to this case. Let me proceed directly to that and state at the outset that the doctrine is inapplicable to this case. The doctrine was described as follows in a case which, unfortunately, because of the procedural posture by which this argument comes, was not cited by either of the parties in its original brief, which I provided to counsel. And that's a case from this district, People v. Chatman, 381 Illap III, 890. And in 903, the court describes the doctrine as follows. Where the trial court's course of action is taken at defendant's suggestion and the defendant thereafter acquiesces in the court's expressed course of conduct, the defendant should be precluded from raising such a course of conduct as error in the appeal. Isn't that what we have here? I'm sorry? Isn't that what we have here? Well, no. To begin with, the court's error in failing to instruct the jury was not done at defense counsel's objection. I'm sorry, at his suggestion. Rather, defense counsel simply objected to an instruction which included the entire pattern instruction for IPI 416, which included a definition of constructive possession, which defense counsel had successfully argued was not applicable to the case.  I'm sorry. When the jury came back with a question and wanted a definition of possession, Mr. Lee also argued that there should be no answer with that definition, correct? That was the position he took. Well, frankly, Your Honors, you know, you have had possession of the record, and it's within a five-page period. I have not seen it for a while, nor focused specifically on that issue. But I will say that my notes indicate initially that he objected to the instruction and to, again, re-tendering the instruction in response to the answer. Now, did he ever submit an instruction that he felt would be appropriate? No, he did not. No, he did not. But let me say this. What I'm saying right now is this. There's two pieces to the invited error doctrine. One is the suggestion, as I read it, the invited error. Then there is the acquiescence, which, you know, is also somewhat related. I'm suggesting that he did not – I'm stating, asserting that he did not suggest the course of action. Now, whether or not he acquiesced, I would concede, is a closer case. However, I believe, ultimately, that his acquiescence is irrelevant. And the reason is because that acquiescence and the failure to tender the instruction was ineffective. It represented ineffective assistance of counsel. And for that, I rely on, of course, the Coots case. You know, in Coots, the failure to clarify the linchpin term to the jury created a very serious danger that the defendant would be wrongfully convicted. And I believe that, similarly in this case, the failure to clarify the linchpin term of possession had a similar effect here, particularly where the evidence was at the very least close, as represented by a mixed verdict in the case. Now, Coots, as you read it, basically acknowledges or at least sets forth as a factual basis that the defense counsel, in that case, acquiesced. However, again, you can't – it makes sense. You cannot – let's put it this way. The acquiescence of an ineffective defense counsel is no acquiescence at all because, as with every aspect of counsel's conduct, if his performance level is such as to undermine the confidence in the outcome of the case, then it requires reversal, both again under established principles, strickling principles, as well as the principles of plain error. Let me stop you right there. We're talking about constructive possession. He didn't like the constructive possession IPI. So when the court went to give a definition or went to give an instruction, he didn't want any instruction given on that. The jury then comes back, and they want a definition of possession. And he vehemently objects to giving any definition of possession. And I think the court even took a break, had them go back, come back. Nobody could find anything. The defense counsel said, no, Judge, I think you just instructed him. You've got the information. You go right ahead. Don't give him anything. How – if you're talking about the Coops case, now say we walk away now from the limited – the invited error, and we talk now about ineffective assistance, how is this not strategy on behalf of this defense attorney? He seems very, very vehement in not giving this jury anything. I certainly would agree that it appears to be based on a strategic type of position, and I certainly acknowledge, having tried these cases, that a certain amount of deference is due to defense counsel. However, that strategy must be informed by a careful or at least reasonable review, both of the law and the facts. If he had reviewed the law, he would have come across, for example, the Childs case, and he would know that under circumstances where a jury had not been properly instructed as to that particular term, that the court had a duty to clarify and supplement the answer. And frankly, so did he. Okay? And again, I'll defer to you, Justice Shostak, on the Coops case, but in fact, I believe that that was the premise of that case as well, that you have a situation where if – it's almost – I don't want to lay blame necessarily on the judge, I don't want to lay blame necessarily on counsel, although I guess I do want to lay blame on counsel, but the point is that the combination of factors here, in fact, it really almost created a structural error, where you had a closed case that the jury was clearly confused on, needed to have some clarification, didn't get it from the judge, the counsel didn't help at all. And again, as in Coops, I believe that that – I think my strongest takeaway from Coops is that that constitutes ineffective assistance of counsel. But is Mr. Allen entitled to perfect counsel? No, of course not. No. No, he's entitled to reasonable counsel. But I believe the reasonable counsel – and let's put it this way. The – his – looking at this counsel's performance against the Coops benchmark, he was ineffective. Before – Was his – was his argument in terms of a definition of possession strictly that it included the constructive possession and that wasn't the issue? Or did he ever argue, well, possession is a common term, it shouldn't be misunderstood, you either have it or you don't have it? No, no. He objected initially to the use of constructive and joint possession in the standard IPI as well as then, you know, when it came up again. Again, his argument was I don't – this is not a constructive possession case. But he also encouraged and nudged, if you will, the judge not to give a definition of possession once that jury asked for that definition. Did he not? But I believe that, in fact, you know, he was – he was saying, you know, this would be confusing. In other words, he's presented with essentially the IPI formulation as well as the instruction that it not be used except where constructive or joint possession is in issue. Now, why it is, as I've suggested, that they did not propose a modified instruction, I don't know. But I believe that – I don't know why it did not occur to anybody. But to me, it seems so obvious that, again, that goes to the performance of – certainly of counsel. Well, well – Yes, I'm sorry. Let me just ask quickly. There wasn't – was there any problem maybe in giving a modified instruction because of the actual verdict form that was tendered? Because the verdict form was just tendered possession. It wasn't tendered guilty of this offense by virtue of joint – or, I mean, not joint, but constructive possession. Right. Okay. Well, I don't think – again, I would think that the verdict form – it seemed to me that the verdict form would militate in favor of a modified instruction that I'm proposing. Counsel, if I can just – I think you inferred that defense counsel really should have known the law better or didn't know the law. Yes. And that during the conference, the judge had, I believe, certainly on the record when the jury asked the question, defense counsel stated that – and referred to the committee notes – that IPA – IPI 4.16 advised not to offer an instruction defining possession unless either constructive or joint possession was at issue. And neither of those was at issue in this case. So it seems to me, based on what's in the record, certainly he did know the law. He knew the law, certainly, with respect to the instruction piece. It appears that he did not know the law concerning a court's duty to respond to supplemental jury questions and to clarify supplemental jury questions, which is a whole other thing. I think his comments, at least as reflected in the record, talk more about it being too late in the process to add an instruction or, you know, how appropriate it was to provide the jury with guidance on that particular issue. So I guess I don't read that as not knowing the law with regard to answering a question by a jury. Okay. Counsel, he – and you just said, you know, you would have done it differently, certainly, as a defense attorney. And probably a lot of us in the room may have done something differently. So a lot of us like to play armchair quarterback. Of course. It's easier to look at it in retrospect and say what you would have done. Is that sufficient for an ineffective assistance of counsel? I believe that it can be. I think it can be. I think that – let's put it this way. We can concede the fact that under Strickland nobody's entitled to a perfect defense. Everybody's entitled to a reasonable defense. Nonetheless, you have to ask yourself whether or not that means that a court can or should tolerate what is, say, what may typically transpire in a courtroom as opposed to something slightly more aspirational. In other words, an objective standard that we can all agree is competent. Okay. So I – and again, where there is a serious problem concerning privilege, then I – you know, that – you know, and again, I don't want to – I don't want to focus – I'm focusing on ineffective assistance in part because it seems to me to be the appropriate response to the acquiescence argument. You can't acquiesce if you're ineffective. Nonetheless, I do not intend to suggest that notwithstanding that, the court was not in error by failing to provide a clarifying instruction. If this is not strategy and if this is bad lawyering just for purposes of this discussion, how or what was the prejudice? The prejudice was that notwithstanding the fact that there was a serious question concerning identity, there – my client was convicted of – of – Well, that conviction is not the primary issue. I mean, is this a close case in your mind? It is. It is because of the identity. The expert, yes, absolutely. I have one other question for you. You've cited Coots. You also mentioned Childs briefly. Yes. In the Childs case, wasn't that where the judge answered the jury question ex parte? The defense attorney didn't have any input in response to the jury as opposed to your case where the defense attorney not only had input, he induced the judge to respond the way he felt was appropriate and fair for his client. I guess that's a multiple question, but isn't – isn't Childs different than the case that we have here? Well, it may be, except that I think that Childs as well as, you know, many of the other cases, Reed, Parham, Coots, you know, really makes it clear that now withstanding that, the court has a duty to clarify a particular term, certainly a definitional term that has not yet been defined by the instructions to a confused jury. The – before I leave, I feel that it is my obligation to also cite you to another case that I provided counsel, which is the most recent Supreme Court case that deals with this issue, and that's the People v. Averitt, 237, Yule 2nd, 1, 2010. I believe that although the – you'll see that the holding upholds the conviction, the analysis is very consistent both with Coots as well as that that I've been discussing today, which is, number one, the issue of invited error and acquiescence came up. Averitt claimed that he couldn't have waived it because his counsel was ineffective. In that case, the Supreme Court went straight to the prejudice prong and determined that the instruction was appropriate and therefore there was no ineffective assistance of counsel. But now, unlike this case, the Averitt jury had already been instructed on the definition and elements of the offense. And secondly, the question was certainly more amorphous than, in our case, defined possession. In the Averitt case, it was clarifying charges for us, will you? And since the definitions and elements had already been – had already been given, the judge appropriately exercised his discretion. And in that case, you know, told the jury to keep deliberating. If you would summarize, you'll have a chance for rebuttal if you choose – if you would summarize at this point your position, and then you'll have a chance for rebuttal. Your time is over. I'm sorry. Well, I don't know how to summarize it other than to say that, you know, under the doctrine of – either because of the ineffectiveness or because of plain error, you know, serious error in a close case, I don't believe that any of these doctrines are either of invited error or acquiescence are truly applicable to this instance. Thank you. Good morning, Your Honors. Counsel. May it please the court. I wanted to just briefly ask if the court has any questions on the first issue, which is the reasonable doubt issue that defense counsel raised. If there is – are any questions, I'd like to get to that. Otherwise, I will start right off with the second issue, which is the one that involves the invited error doctrine also. I just want to make sure that I mention that counsel this morning gave me two cases. One is Averitt and one is Chatham, and I had a chance to look them over briefly. And I would say that neither of them goes to the invited error doctrine in a way that affects this case. In Averitt, it looked like they argued that, in fact, there was invited error, and the court gave the normal definition of invited error and the fact that it precludes any type of looking then to see if there is error, even plain error. But they instead went to ineffective assistance of counsel, which is the normal analysis. And that's what I think applies here. In Chatham, counsel's other case, plain error was considered, but there was no invited error analysis at all. So it wasn't the same type of factual scenario as we have here. What's your position with respect to invited error in this case? It was definitely invited. And, in fact, despite counsel remembering that there was no, he says there might have been acquiescence, but no affirmative pushing by counsel not to have an additional instruction given, my notes indicate that at the record at 441, in regard to the question by the jurors, the defense counsel said that he wished no instruction to be given. So that would definitely be invited error, as well as from start to finish of the trial, it was always his position that the jurors should not be instructed on the question or on the issue of what the definition of possession was. Now, obviously, that stems from, well, let me get to the idea then that in terms of plain error, we can't look at plain error then. I cited the Reid case, which actually talked a little about invited error, but it did actually look to the mere extent of the case. But I think in Reid, when I went back and read it more carefully, the defense attorney first objected and then, excuse me, first invited the error, but then later objected. And so it sort of changed their position, and it may be for that reason that the court then looked at the merits of the case. Did counsel here for the defendant ever say, we don't need this because possession is such a common term, they're going to understand it? Or did he object on the grounds of it was confusing because of the joint and constructive definitions? Well, he, you know, I think he did both. He did object only on the basis that, I mean, his main arguments seem to be over and over, that we don't want to get into constructive possession. We don't want to get into joint possession. The facts aren't here. But at the same time, by saying that he did not want to give a supplemental instruction, he didn't ask for an instruction, which is what counsel is now asking for, on actual possession. He certainly did not seem to want any definition on possession. And when you think that the jurors came back at the point that we're really looking at, the jurors came back and asked, they didn't ask what is actual possession, they asked what is possession in terms of the definition of this offense with which he's charged. And that would include, that's IPI 4.16, that includes actual and constructive possession. That's what possession is. It is more than actual. And the committee comments, which defense counsel referred to, suggests that you don't give that definition if it's just actual possession. You only give it when there's a constructive possession type of issue. So how is, you know, you're asking a jury of laypersons to listen to the facts and apply the law. Isn't there a piece of this law missing? And why would a judge let that happen, notwithstanding the defense attorney doing cartwheels? Well, if there's a piece of it missing, it didn't prejudice this defendant. And why not? Well, because if there's a piece of it missing, the piece of it missing is the constructive possession. And while, to begin with, the whole theory on both sides was, was it the defendant or was it not the defendant? So either when he was running, you know, either the defendant had actual possession, this was the arguments made on both sides, or he didn't because it wasn't him. But when the jury came back with that question, the state for the first time realizes, well, when the defendant drops the, you know, or throws down onto the ground the cannabis, then we have a question that could be, is that still actual possession? Well, that then lends itself to a question of, is this any type of possession, actual or constructive? And at that point, certainly the entire, the entire IPI 4.16 could have been given. But the fact that it wasn't didn't hurt the defendant. If anything, it helped the defendant. He had wanted to narrow this in a way that would make the jurors only consider if it was defendant, first of all, that was properly identified. And if so, they're only looking at, okay, if it wasn't him, then we have no possession under the theory that they wanted the jurors to have. And the way they did that is to say, no constructive possession is at issue here, and we're narrowing it just to an actual possession type of thing. And the IPI comments, the committee comments, actually say something to the effect, and I looked at the case, the case doesn't exactly say this, but the committee comments say, if you're only talking about actual possession, you don't even need, you don't necessarily need an instruction. In other words, what you have is just what is commonly considered to be possession. It's immediate and exclusive possession. You don't say I possess something if you know you're going to get it in a week. That's not the normal definition. It's not the definition of Webster's, which I included in my brief. But was the jury entitled to that definition? Well, if it was, it still wasn't prejudicial to the defendant. If anything, it was prejudicial to the state because the state, I think this could have been an acquittal on facts which actually would have supported constructive possession after he dropped, if that's what the jurors were looking at. They didn't know if, in fact, that mattered, that he had dropped it or thrown it down. So that only goes to could the state have asked for it and received it? Yes, probably they could have, but it certainly doesn't amount to prejudice or some type of error. They did ask for it. Excuse me? They did to begin with, yes, to begin with. So do you believe that perhaps defense counsel may have, one of his strategies may have been confusing the jury or leaving the jury undedicated? Yeah, I don't know if it was confusing the jury that he really wanted to do, but certainly he wanted to narrow it in a way that would benefit and more likely result in an acquittal. And that is to say we're only looking at this particular piece when he's running with it. When he's running with it, is it him or is it not him? Because they had an argument that the identification was not good. And so if we're only looking at that, then we have a much better chance of getting an acquittal than if we're looking at that or even after he drops it on the ground. And with that in mind, it is a strategy decision. So if we're looking to ineffective assistance, which, of course, we can still look to even with invited error, we look at is there a strategy, is there a performance here that was objectively unreasonable? Strategy decisions are usually immune from any type of ineffective assistance of counsel. And certainly in this case, the strategy was not incompetent. It was doing what it was meant to do. It was narrowing the definition to the extent that he could so that the jury was more likely to acquit. And that one ground, that one first prong of stripling is not met. That means that there is not an effective assistance. And if we want to go further and look to the prejudice prong, I think that, again, we get to once the jury asks what is possession, the correct answer to that is possession is all of these things. It would be IPI 4.16. It would open it up. He didn't want that part. That part would not have helped him. So in terms of is there prejudice to the defendant from not getting just this one little definition on actual possession? No, because if there is a definition to be given, the whole definition would have had to be given, and it would have actually prejudiced the defendant. It would not have helped him, and it would certainly not have changed him. Why would the whole definition have to be given? Why couldn't a modified definition be allowed? Well, okay, that's my alternative argument. I think that the whole definition has to be given much the same as the committee comment suggested does because if the jury is asking what is possession, we don't know what the source of their concern is. So we have to believe that they may be looking at a single point where he's holding it. They may be looking at a point later when it's on the ground. We have to give them the entire instruction. That is what possession is legally. They ask for the legal definition. Well, they just said what is possession. They said what is the legal definition of possession. They did ask for possession under the law, I think. So under that theory, I think that we really would have, you know, the juror, if that had been asked of the judge, can we give just this definition, I think the correct answer is no, we can give that, but that's part of the larger definition, so we can give it and we'll give all of it. That wouldn't help the defendant. Nobody ever asked or submitted a modified definition either, did they? No, no. There was never any talk of giving a definition on just actual possession. And for that matter, that's my alternative argument. Even if we said that he was entitled to or that the judge may have been likely to have given it had he asked for it in terms of prejudice, even if that's true, again, as I've stated and I've set forth in my brief, the Webster's dictionary definition, the sort of normal understanding of what possession is, is actual possession, is when you have something and you have control and dominion over it. That's possession. And legally, we allow a much broader definition of possession, but that's not what the normal person would understand. So in a sense, he did get that anyway, so he certainly hasn't been prejudiced by a failure to ask for that. And for those reasons, then, we would ask that this court affirm his conviction. Thank you.  Mr. Powell. I'll simply say this. When a jury has made its difficulties explicit to the trial judge, the trial judge has a duty to respond to the jury's question with concrete accuracy. As I've suggested, a definition that included the concept of immediate and exclusive control, similar to the one that Ms. Swiss has just suggested is in the dictionary, would have been appropriate, would likely have been helpful, and would likely have erased, or if not erased, certainly minimized the doubts that I believe pervade the outcome of this lawsuit at this time. Now, the defense counsel said it's too late at this point, it would confuse the jury, because at closing argument, both attorneys argued, well, of course, the defense attorney said it wasn't him. Right. But the state's attorney said it was him, he had it in his hands, and he dropped it. Nobody ever said he could have come back to get it. I mean, it was just he had it, he dropped it. Wouldn't it be confusing if now we put a definition of constructive as well as joint when there was never any evidence about it or argument about it? There was never any argument about it. I believe you are correct. It would have been confusing to inject joint and constructive possession, and the reason would be because there was evidence that the home in question belonged to the mother, I believe, and that the car belonged to the brother, and that the brother lived in the home, and that subsequent search of the home found ziplock bags, et cetera, et cetera, and, of course, that's where the defendant's fingerprint as well as others unidentified were found. So, yeah, I believe that that would have sent the jury off into unnecessary and really inappropriate speculation concerning who else might have been involved in that possession. So, yeah, I do think it would have been. As your opponent suggests, the fact that this instruction was not given, isn't that more prejudicial? Wasn't that more prejudicial to the state than it was the defendant? I don't see that. You don't? I don't, and I really have difficulty speculating how that would be, frankly. I do. I just didn't really follow it, frankly. And perhaps the defense attorney kind of speculated who was going to prejudice more, and he made the call to not give it because he thought it might prejudice his client more, maybe, correct? Well, you know, here's where I don't know whether I may be diverging from the law here, okay, and perhaps I don't know whether any research has been done on this point, but it seems to me that reasonable assistance of counsel, in other words, whatever we'll call the Strickland standard, does not include even for tactical reasons trying to inject confusion into the proceedings. You know, that's just my personal view on it for what it's worth. Well, but he articulated that what he was trying to do was not to inject confusion into the proceedings. That would be reasonable. That's what he said on the record, as those were the reasons given, he gave, for not wanting an instruction to be given at any time, I mean, both earlier and especially later in response to the question. So, I mean, we're not to take what he says as what he meant? Oh, no, no, no, no. I would take what he meant, and that's why I think I'm responding to Justice Shostak's comment that was he trying to confuse the issue? If he was, I'm not sure that's appropriate, and I'm not sure that, you know, that may be in itself, in my view, a Strickland violation. But, look, his ineffectiveness really, I think, relates to the Coops issue, which is he didn't tender an appropriate instruction under the circumstances, an appropriate supplemental instruction. I would concede that he's on much stronger grounds tactically, as well as by any performance criteria, in saying at the initial stage, this instruction, 416 in its entirety or whatever, is inappropriate to these circumstances. I have no criticism of that. Thank you, Your Honor. Thank you. Thank you both for argument today. We will take this matter under advisement. We will issue a decision in due course. We will.